UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | | |
|---|---|---|
| **Case No.** | CV 21-8587-MWF (Ex) | **Date:** June 14, 2022 |
| **Title** | Vinson Hall v. Arseniy Dubnyakov | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiff:
None Present

Attorneys Present for Defendant:
None Present

**Proceedings (In Chambers):** ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT ARSENIY DUBNYAKOV AND PERMANENT INJUNCTION [45]

Before the Court is pro se Plaintiff Vinson Hall's Motion for Entry of Default Judgment Against Defendant Arseniy Dubnyakov and Permanent Injunction (the "Motion"), filed on February 24, 2022. (Docket No. 45). There were no Oppositions filed.

The Motion was noticed to be heard on **March 28, 2022**. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar. Vacating the hearing is also consistent with General Order 21-08, arising from the COVID-19 pandemic.

For the reasons below, the Motion is **DENIED**.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff initiated this action seeking relief under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. §§ 1030 *et seq.* (Complaint ¶¶ 63–75 (Docket No. 1)). Plaintiff alleges a pattern of abuse by Defendant Arseniy Dubnyakov, a putative Russian national with experience "hacking" various technological devices. (*Id.* ¶ 15).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 21-8587-MWF (Ex)**                          **Date:  June 14, 2022**
**Title:**    Vinson Hall v. Arseniy Dubnyakov

On November 2, 2021, Plaintiff filed an ex parte application requesting a temporary restraining order to prevent Defendant's alleged hacking. (Docket No. 8). The Court denied the application on both substantive and procedural grounds. (Docket No. 13).

On November 10, 2021, Plaintiff filed a second ex parte application that again requested a temporary restraining order to prevent Defendant's alleged hacking. (Docket No. 14). Again, the Court denied the application on both substantive and procedural grounds. (Docket No. 25).

Undeterred, Plaintiff filed a Motion for Preliminary Injunctive Relief on November 18, 2021, again alleging the same basis for relief. (Docket No. 26). The Court denied the request. (Docket No. 38). As the Court explained, Plaintiff failed to allege *plausible* facts, and without expert testimony to corroborate Plaintiff's allegations, "they remain a species of science fiction." (*Id*. at 2–3).

Nonetheless, on January 31, 2022, the Clerk entered default against Defendant for failing to appear and Plaintiff filed this Motion seeking a default judgment. (Docket Nos. 42, 45).

## II.    LEGAL STANDARD

The Court does not require strict compliance with Federal Rule of Civil Procedure 4 when serving a defendant with an application for default judgment, but as a matter of discretion requires that service of the application is at least reasonably likely to provide notice to the defendant.

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a).

The choice as to whether a default judgment should be entered is at the sole discretion of the trial court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has determined that a court should consider seven discretionary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 21-8587-MWF (Ex) | Date:  June 14, 2022 |
| Title:     Vinson Hall v. Arseniy Dubnyakov | |

factors before rendering a decision on an application for default judgment.  *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

The seven factors are:  (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the Complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring a decision on the merits.  *Id.*  If the Court determines that default judgment is appropriate, it may consider extrinsic evidence or conduct an evidentiary hearing in determining the amount of damages.  Fed. R. Civ. P. 55(b)(2).

### III.    DISCUSSION

The Court need not analyze all *Eitel* factors here because Plaintiff's substantive claim is without merit, rendering his Complaint insufficient to support a default judgment.

In the Court's Order Denying Plaintiff's Motion for Preliminary Injunctive Relief, the Court explained that Plaintiff was not entitled to relief because his allegations were without merit, running afoul of common sense.  (Docket No. 38 at 2–3 ("Plaintiff alleges an unsupported pattern of conduct that fails to give rise to a plausible claim for relief . . . Plaintiff's claims are not credible . . . Without expert testimony corroborating Plaintiff's claims, they remain a species of science fiction.")).  Plaintiff's Motion fails for the same reasons.

"The second and third Eitel factors 'require that a plaintiff state a claim on which the [plaintiff] may recover.'"  *Buchannon v. Associated Credit Servs., Inc.*, No. 3:20-CV-02245-BEN-LL, 2021 WL 5360971, at *6 (S.D. Cal. Nov. 17, 2021) (quoting *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002)).  To state a claim, a plaintiff must allege ***plausible*** facts that give rise to a claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 663–64 (2009) ("[D]etermining whether a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 21-8587-MWF (Ex)      Date: June 14, 2022
Title:      Vinson Hall v. Arseniy Dubnyakov

complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and ***common sense***.") (emphasis added).

To put it plainly, Plaintiff's Complaint is, at best, unrealistic.

Plaintiff alleges that Defendant uses a "homemade brain-computer interface" ("BCI") to hack cellular towers and "send signal, data, and radiation" to cause Plaintiff severe pain. (Complaint ¶ 28). Plaintiff claims that "[t]he BCI app is able to manipulate [his] nervous system, brain, and body." (*Id.*) In his Motion, Plaintiff describes this phenomenon as "a direct communication pathway between the brain's electrical activity and an external device." (Motion at 8). Plaintiff alleges that Defendant uses this capability to hack nearby vehicles and send harmful messages directly to Plaintiff's hearing-aid device, which only Plaintiff can hear. (Complaint ¶ 26). As another example, Plaintiff claims that "[e]very time Plaintiff is heading out for a walk outside, neighbors are sent a notification when he crosses the threshold of his apartment door and the hallway." (*Id.* ¶ 27). Of course, no neighbors have submitted declarations to corroborate Plaintiff's allegations.

Indeed, Plaintiff's allegations range from implausible interference with his social media enjoyment to implausible interference with Plaintiff's mental faculties. (*Id.* ¶¶ 24–28). For instance, Plaintiff alleges that Defendant used a hacked cell tower to "slow down Plaintiff's ability to think" and to prevent him from performing simple tasks. (*Id.* ¶ 50). Plaintiff even alleges that the Los Angeles Police Department is intentionally conspiring with the Defendant to cause this harm to Plaintiff. (*Id.* ¶¶ 5, 47, 53).

Plaintiff's Complaint fails to allege a plausible claim for relief, which runs afoul of the second and third *Eitel* factors. *See Eitel*, 782 F.2d at 1471–72.

Accordingly, the Motion is **DENIED *without prejudice***.

IT IS SO ORDERED.