UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

JS-6

**Case No.** CV 21-8587-MWF (Ex)          **Date:** February 17, 2023
**Title:** Vinson Hall v. Arseniy Dubnyakov

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER DISMISSING ACTION WITH PREJUDICE

On June 14, 2022, the Court denied without prejudice pro se Plaintiff Vinson Hall's Motion for Entry of Default Judgment against Defendant Arseniy Dubnyakov, concluding that the Complaint — premised on the allegation that Defendant uses a "homemade brain-computer interface" to hack cellular towers and "send signal, data, and radiation" to cause Plaintiff severe pain — failed to state a plausible claim for relief. (*See* "Default Order" (Docket No. 58); *see also* Complaint (Docket No. 1) ¶ 28).

There was no further activity in this action, until, on November 15, 2022, the Court issued an Order directing Plaintiff to show cause ("OSC"), by no later than December 2, 2022, why the action should not be dismissed for lack of prosecution and/or failure to state a claim for relief under Federal Rule 12(b)(6). (Docket No. 59). The Court warned "that failure to respond to the OSC or to sufficiently establish a legitimate basis for the Court to grant leave to amend the Complaint will result in dismissal of this action." (*Id.* at 1).

As of February 17, 2023, Plaintiff has not responded to the OSC.

It is well-established that a district court has authority to dismiss a plaintiff's action due to her failure to prosecute and/or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 21-8587-MWF (Ex)      **Date:** February 17, 2023

**Title:** Vinson Hall v. Arseniy Dubnyakov

---

calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

Taking all of these factors into account dismissal for lack of prosecution, failure to comply with the OSC, and failure to state a plausible claim for relief under 12(b)(6), is warranted. *See Reed v. Lieurance*, 863 F.3d 1196, 1207 (9th Cir. 2017) ("A trial court may dismiss a claim sua sponte under Rule 12(b)(6)[.]") (internal citations omitted); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962) ("[A] District Court may dismiss a complaint for failure to prosecute[.]"). The Court specifically warned that failure to respond to the Court's OSC would result in dismissal of the action with prejudice. Accordingly, the action is **DISMISSED** *with prejudice*.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.